UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNN DICKE,<br><br>        Plaintiff,<br><br>v.<br><br>ELLIE SOMOZA,<br><br>        Defendant. | Case No. 1:22-cv-00020-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

There are eight pending motions before the Court. Plaintiff Lynn Dicke has filed a Motion to Withdraw Evidence (Dkt. 3), a "Supplement" to her Complaint (Dkt. 5), and a document entitled "Explained 'nor returned the dis-trained property'" (Dkt. 6).[1] Defendant Ellie Somoza's Motion to Dismiss for Failure to State a Claim (Dkt. 13) is also pending. However, because Dicke subsequently filed an Amended Complaint (Dkt. 18), all four of the aforementioned motions are MOOT and are therefore DENIED.

Pending as well are Dicke's Motion to Appoint Counsel (Dkt. 15), "Motion to Stop Legal Proceedings," (Dkt. 16), Motion to Appoint Standby Counsel (Dkt. 17), and Motion

---

[1] Dicke is not a native English speaker and used translation software to file her Complaint and motions.

for Injunctive Relief" (Dkt. 19). As explained below, the Court will enter an expedited briefing schedule on the latter four motions.

## II. BACKGROUND

Dicke is a criminal defendant in a pending state court prosecution in Canyon County, Idaho, Case No. CR14-19-16748 ("Canyon County Case"). In the Canyon County Case, Dicke is charged with felony Procurement for Prostitution, felony Harboring Prostitutes, and two counts of misdemeanor Prostitution. On January 14, 2022, Dicke filed her Complaint (Dkt. 1) in the instant case. The sole defendant, Ellie Somoza, is Dicke's prosecutor in the Canyon County case. Dicke's Complaint alleges Somoza violated the Fourteenth Amendment by using an invalid criminal complaint to charge Dicke with the aforementioned crimes.

On January 18, 2022, Dicke filed a Motion to Withdraw Evidence (Dkt. 3). On January 25, 2022, Dicke filed a Supplement (Dkt. 5) regarding her Complaint. On January 26, 2022, Dicke filed a document named "Explained 'nor returned the distrained property'" (Dkt. 6). These filings were attempts to clarify allegations in Dicke's initial Complaint. Specifically, Dicke sought to: (1) withdraw exhibits attached to her Complaint; (2) apparently add her former Canyon County Prosecutor, Erica Kallin, as a defendant; and (3) clarify that she is seeking injunctive relief, and not compensatory damages. Dicke also filed a Motion to Appoint Counsel (Dkt. 9) ("first Motion to Appoint Counsel"), asking this Court to appoint her defense counsel in the Canyon County Case. The Court denied Dicke's first Motion to Appoint Counsel on January 31, 2022. Dkt. 10.

MEMORANDUM DECISION AND ORDER - 2

On February 7, 2022, Somoza filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 13. The next day, Dicke filed a second Motion to Appoint counsel in her Canyon County case (Dkt. 15) and a Motion to Stop Legal Proceedings in State Court (Dkt. 16). Two days later, Dicke filed a Motion to Appoint Standby Counsel in the instant case (Dkt. 17), a Motion for Injunctive Relief (Dkt. 19), and an Amended Complaint (Dkt. 18). In her Amended Complaint, Dicke again alleges Somoza violated the Fourteenth Amendment by using an invalid criminal complaint when charging Dicke. Dicke does not explain why the criminal complaint was purportedly invalid and does not include any allegations against Erica Kallin. Dicke's Amended Complaint asks this Court to stop her criminal trial in the Canyon County Case, which is now scheduled to begin on March 25, 2022.

### III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Dicke filed her Amended Complaint within 21 days of the filing of Somoza's Motion to Dismiss.

Where, as here, a plaintiff files an amended complaint as a matter of course, the amended complaint becomes the operative complaint and renders any pending motions to dismiss moot. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[W]hen a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent."). The Amended Complaint (Dkt. 18) is now

MEMORANDUM DECISION AND ORDER - 3

the operative complaint. Due to her Amended Complaint, Dicke's three motions attempting to clarify her initial Complaint, and Somoza's Motion to Dismiss, are each moot and are therefore denied. *Id.* Further, any allegations Dicke filed in her attempts to correct the initial Complaint (Dkts. 3–6), which are not included in the Amended Complaint, are no longer before the Court.

Dicke asks the Court to appoint her counsel in this case and in her Canyon County Case. She also asks the Court to stop her March 25, 2022 criminal trial in the Canyon County Case until the instant suit is resolved, and to apparently enjoin the Canyon County Case from proceeding all together. Because Dicke's criminal trial is scheduled to begin on March 25, 2022, the Court enters the below expedited briefing schedule on the remaining pending motions.

## IV. ORDER

**NOW**, therefore, **IT IS HEREBY ORDERED**:

1.      Dicke's Motion to Withdraw Evidence (Dkt. 3) is **DENIED** as **MOOT**;

2.      Dicke's Supplement (Dkt. 5) is **DENIED** as **MOOT**;

3.      Dicke's "Explained 'nor returned the distrained property'" (Dkt. 6) is **DENIED** as **MOOT;**

4.      Somoza's Motion to Dismiss for Failure to State a Claim (Dkt. 13) is **DENIED as MOOT**;

5.      Somoza's responses to Dicke's Motion to Appoint Counsel (Dkt. 15), Motion to Stop Legal Proceedings (Dkt. 16), Motion to Appoint Standby

Counsel (Dkt. 17) and Motion for Injunctive Relief (Dkt. 19) **are due on or before February 28, 2022;**

6.      Dicke's reply briefs (if any) **are due on or before March 7, 2022**;

7.      Upon completion of the briefing, the Court will determine whether a hearing is warranted.

DATED: February 14, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5