UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNN DICKE,<br><br>        Plaintiff,<br><br>v.<br><br>ELLIE SOMOZA,<br><br>        Defendant. | Case No. 1:22-cv-00020-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

There are seven pending motions before the Court. Plaintiff Lynn Dicke has filed a Motion to Appoint Counsel (Dkt. 15), a Motion to Stop Legal Proceedings (Dkt. 16); a Motion to Appoint Standby Counsel (Dkt. 17); a Motion for Injunctive Relief (Dkt. 19); a Motion to Return Passport (Dkt. 28); and a Motion to Expedite (Dkt. 30). Defendant Ellie Somoza's Motion to Dismiss for Failure to State a Claim (Dkt. 22) is pending as well.[1]

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Further, given the immediacy of the relief Dicke requests, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

---

[1] Dicke has also filed multiple supplements to her Amended Complaint and to her various motions. *See* Dkts. 25, 27, 29, 31, 33, 34, 36, and 37.

For the reasons explained below, the Motion to Dismiss is granted and Dicke's various pending motions are denied as moot.

## II. BACKGROUND

Dicke is a criminal defendant in a pending state court prosecution in Canyon County, Idaho, Case No. CR14-19-16748 ("Canyon County Case"). In the Canyon County Case, Dicke is charged with felony Procurement for Prostitution, felony Harboring Prostitutes, and two counts of misdemeanor Prostitution. On January 14, 2022, Dicke filed the instant case. After submitting various motions[2] and multiple revisions[3] to her Complaint, Dicke filed an Amended Complaint[4] on February 10, 2022. Dkt. 18. Dicke names Ellie Somoza, the prosecutor in Dicke's Canyon County case, as the sole defendant. Dicke's Amended Complaint alleges Somoza violated the Fourteenth Amendment by using an invalid criminal complaint to charge Dicke with the aforementioned crimes.

Dicke's Amended Complaint does not explain why Somoza's criminal complaint was purportedly invalid. However, in prior and subsequent filings with the Court, Dicke contends Canyon County Deputy Prosecutor Erica M. Kallin signed the original criminal complaint, and that the Idaho Supreme Court subsequently suspended Kallin from practicing law. *See, e.g.*, Dkt. 1; Dkt. 26; Dkt. 26-2. At some point (which neither Dicke nor Somoza identify), Somoza apparently replaced Kallin as the Deputing Prosecutor on

---

[2] The Court addressed such motions in previous orders. Dkt. 10; Dkt. 20.

[3] *See* Dkts. 3, 5, 6, and 7.

[4] Dicke also filed a "Corrected Complaint" on February 14, 2022. Dkt. 25. The Corrected Complaint does not contain any factual allegations and instead corrects Dicke's mailing address. The Court accordingly construes Dicke's February 10, 2022 Amended Complaint as the operative complaint in this matter.

MEMORANDUM DECISION AND ORDER - 2

the Canyon County Case.

Dicke's criminal trial in the Canyon County Case is set to begin on March 14, 2022. In her Amended Complaint, Dicke asks the Court to enjoin the Canyon County Case from going to trial in order "to prevent the plaintiff from being wrongfully convicted." Dkt. 18, at 5. Dicke has also filed multiple motions, several of which appear to be duplicative. For example, Dicke filed a Motion to Appoint Counsel (Dkt. 15) and a Motion to Appoint Standby Counsel (Dkt. 17). Both motions ask the Court to appoint Dicke counsel in the instant civil case. Dicke also filed a Motion to Stop Legal Proceedings (Dkt. 16), and Motion for Injunctive Relief (Dkt. 19). Like her Amended Complaint, both of the aforementioned motions seek injunctive relief enjoining the Canyon County Case from going to trial.[5]

In addition to such duplicative motions, Dicke filed a Motion for Return of Passport (Dkt. 28), contending that, although surrender of her passport was not a term of pretrial release in the Canyon County Case, Somoza has continued to hold Dicke's passport from a prior criminal case against Dicke.[6] Finally, Dicke filed an "Affidavit of application to court for relief." Dkt. 30. Although the relief Dicke seeks is not entirely clear, she appears to request expedited consideration of her various motions since her criminal trial is set to begin on March 14, 2022. The Court accordingly deems the latter filing to be a Motion to

---

[5] The Motion to Stop Legal Proceedings asks the Court to stop legal proceedings in the Canyon County Case until the instant civil case is resolved, while the Motion for Injunctive Relief apparently seeks an order enjoining the Canyon County Case from *ever* going to trial. *Compare* Dkt. 16, at 1 *with* Dkt. 19, at 1.

[6] The prior criminal case was dismissed on the government's motion on August 16, 2021. Dkt. 29-1, at 2. The parties have not identified what Dicke was charged with in the prior criminal case.

MEMORANDUM DECISION AND ORDER - 3

Expedite.

On February 16, 2022, Somoza filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 22. For the reasons explained below, Somoza's Motion to Dismiss is granted, and Dicke's various pending motions are denied as moot.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations," however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but does require more than a sheer possibility that a defendant acted unlawfully. *Id*.

When reviewing a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Abramson v. Brownstein*, 897 F.2d 389 (9th Cir.1990). Legal conclusions, deductions, or opinions couched as factual allegations are not entitled to a presumption of truthfulness. *Jones v.*

MEMORANDUM DECISION AND ORDER - 4

*Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984) ("*Redevelopment Agency*"). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), or where the allegations on their face show that relief is barred for a legal reason. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. ANALYSIS

#### A. Motion to Dismiss (Dkt. 22)

Dicke's Amended Complaint fails to plead sufficient facts to state a claim and the Court must abstain from granting Dicke the relief she seeks. As such, the Motion to Dismiss is appropriated granted, and Dicke's request for injunctive relief is denied.

##### 1. *Failure to State a Claim*

The Court is sympathetic to the fact that Dicke is proceeding pro se. The allegations of a pro se complaint, "however inartfully pleaded, should be held to less stringent standards than formal pleadings by lawyers." *Redevelopment Agency*, 733 F.2d at 649 (cleaned up). However, even when liberally construed, "it appears beyond doubt" that Dicke "can prove no set of facts in support of [her] claim which would entitle her to relief." *Id.* (quoting *Hughes v. Row*, 449 U.S. 5, 9 (1980)). For instance, while it appears Dicke brings her claim pursuant to 42 U.S.C. § 1983, Dicke does not identify a cause of action *or* allege the elements of a section 1983 claim.[7] Instead, Dicke alleges Somoza used an invalid

---

[7] There are two elements to a section 1983 claim: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights. *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

MEMORANDUM DECISION AND ORDER - 5

criminal complaint in the Canyon County Case in violation of the Fourteenth Amendment. Dkt. 18, at 3. As mentioned, Dicke's Amended Complaint does not offer any details to explain why the criminal complaint was purportedly invalid. Dicke's sole allegation is also unsupported by any facts as to how Somoza allegedly violated the Fourteenth Amendment. To state a claim, Dicke must "allege with at least some degree of particularity overt acts which defendants engaged in." *Redevelopment Agency*, 733 F.2d at 649. There are no facts—in any of Dicke's multiple filings—to identify Somoza's purported wrongdoing.

In her opposition to Somoza's Motion to Dismiss, Dicke suggests the criminal complaint was invalid because former deputy prosecutor Erica Kallin was suspended by the Idaho Supreme Court after filing the criminal complaint. Specifically, on December 11, 2020, the Idaho Supreme Court suspended Kallin from practicing law upon finding she had violated the rules of professional conduct. Dkt. 26-2. The Court cannot consider Dicke's allegations regarding Kallin—or the Idaho Supreme Court's Disciplinary Order—because they were not included in the Amended Complaint. *See Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) ("Generally, on a 12(b)(6) motion, the District Court should consider only the pleadings.").[8]

However, even if the Court could consider Dicke's allegations regarding Kallin, the record illustrates Kallin was not suspended from practicing law when she filed the initial

---

[8] While Dicke did include her allegations against Kallin in her original Complaint, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2019).

criminal complaint against Dicke. Dkt. 26-2. On December 11, 2020, the Idaho Supreme Court suspended Kallin from practicing law for nine months, effective retroactively to July 18, 2020. *Id*. Kallin's suspension thus did not become effective until nearly a year *after* she signed Dicke's initial criminal complaint on August 22, 2019. Dkt. 36-3. As such, Kallin *was* authorized to practice law when she filed the criminal complaint against Dicke. Moreover, Dicke does not cite, and the Court is unaware of, any authority for her claim that the subsequent suspension of a deputy prosecutor invalidates a criminal complaint.

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court held in *Twombly*, Rule 8 does not require "detailed factual allegations," but it does demand more than the "unadorned, the-defendant-unlawfully-harmed-me-accusation" contained in Dicke's Amended Complaint. 550 U.S. at 544. Dicke's "naked assertion[s]" are devoid of factual enhancement and are insufficient to state a claim under Rule 12(b)(6). *Id.* at 557.

2. *Abstention Doctrine*

Even if Dicke had alleged sufficient facts to state a claim (she has not), the Court finds abstention is appropriate under *Younger v. Harris*, 401 U.S. 37. As mentioned, Dicke asks the Court to enjoin the Canyon County Case from proceeding. The *Younger* abstention doctrine applies where, as here, a plaintiff "requests only declaratory and injunctive relief, attorney fees and costs." *Canatella v. California*, 404 F.3d 1106, 1111 (9th Cir. 2005)

Under the long-standing *Younger* abstention doctrine, federal courts must abstain from hearing cases that would interfere with pending state court proceedings. *Id.* at 43. Absent extraordinary circumstances, "abstention in favor of state judicial proceedings is

required if the state proceedings are (1) ongoing, (2) implicate important state interest, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citation omitted).

Each of these factors are present in this case. The Canyon County Case proceedings are ongoing and Dicke's criminal trial is set to begin on March 14, 2022. As the Supreme Court discussed in *Younger*, important state interests are at stake where state criminal proceedings are involved. 401 U.S. at 45–46. In general, federal courts should not interfere with state officers, such as Somoza, since "they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done." *Id.* at 45. Further, interference in pending state proceedings could erode "the role of the jury" or duplicate "legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id.* at 44. In addition to implicating important state interests, Dicke has an adequate opportunity to protect her constitutional rights in the Canyon County Case. *Id.* at 49. If such rights are violated and she is wrongfully convicted, Dicke can also appeal to the Idaho Supreme Court.

Where, as here, abstention is appropriate, a federal court may entertain an action only when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53–54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54. None of the aforementioned circumstances are present here.

First, *Younger* explicitly held "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution," does not constitute irreparable injury. *Id*. at 46. The only injury Dicke alleges is the threat of conviction in the Canyon County Case. As the Supreme Court has explained:

> No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks aid.

*Beal v. Missouri Pac. Railroad Corp.*, 312 U.S. 45, 49 (1941).

Dicke has not identified any injury other than the threat of conviction, and has not suggested the criminal prosecution was brought in bad faith or that it is only one of a series of prosecutions to which she will be subjected. *Younger*, 401 U.S. at 49. "In other words, the injury that [Dicke] faces is solely that incidental to every criminal proceeding brought lawfully and in good faith," and Dicke is not entitled to equitable relief. *Id*. (cleaned up).

Second, Dicke does not challenge a state law, but instead challenges her continued prosecution after her initial prosecutor was suspended. As mentioned, Dicke does not explain how Somoza has purportedly violated the Constitution by succeeding Kallin, and does cite any caselaw or other evidence to suggest Somoza has acted unconstitutionally by continuing with Dicke's prosecution. There is nothing before the Court to suggest Somoza has "flagrantly and patently violat[ed] express constitutional prohibitions." *Id*. at 53.

Third, Dicke has not made any showing of bad faith, harassment, or any other unusual circumstances which would warrant this Court's interference with the Canyon County Case. Even if Dicke's allegations against Kallin were a part of the Amended

MEMORANDUM DECISION AND ORDER - 9

Complaint or were accurate, Dicke has not connected any of these allegations to Somoza, the only defendant in this case. There are no allegations in the Amended Complaint to suggest Somoza has acted in bad faith or to harass Dicke. Nor are there any other unusual circumstances which would call for equitable relief.

In sum, the principles of federalism and comity would not be served if this Court were to interfere with Dicke's ongoing state criminal case. As discussed in *Younger*, Dicke has a remedy in the state court system and there is no indication that the state courts are not fully capable and willing to adjudicate the alleged constitutional issue she raises. *Id.* at 43–44. Moreover, Dicke's allegation that Kallin used an allegedly invalid criminal complaint is baseless and insufficient to show bad faith or harassment.

Because the three *Younger* abstention factors are satisfied, and because no "extraordinary circumstances" exist to allow Dicke to proceed on a federal claim at this time, the Court concludes that abstention is appropriate. Therefore, the Court will dismiss Dicke's claims.

### 3. Opportunity to Amend

The Court concludes that amendment in this case would be futile. Dicke's claims are barred not simply because she has failed to allege sufficient facts—a deficiency that could have been cured by amendment and was not—but also because it is clear from the face of the Amended Complaint that Dicke's claims are subject to *Younger* abstention. Therefore, the Court will dismiss this case without leave to amend.

### V. CONCLUSION

The Court grants the Motion to Dismiss with prejudice, and Dicke's various pending motions are accordingly denied as moot.

## IV. ORDER

NOW, therefore, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss (Dkt. 22) is **GRANTED** and Dicke's Amended Complaint in dismissed **with prejudice;**

2. Dicke's Motion to Appoint Counsel (Dkt. 15) and Motion to Appoint Standby Counsel (Dkt. 17) are moot and are therefore **DENIED**;

3. Dicke's Motion to Stop Legal Proceedings (Dkt. 16) and Motion for Injunctive Relief (Dkt. 19) are moot and are therefore **DENIED**;

4. Dicke's Motion for Return of Passport (Dkt. 28) is moot and is therefore **DENIED**[9];

5. Dicke's Motion to Expedite (Dkt. 30) is moot and is therefore **DENIED**;

6. The Court will issue a separate judgment pursuant to Federal Rule of Civil Procedure 58;

7. **This case is closed**.

DATED: March 11, 2022

David C. Nye
Chief U.S. District Court Judge

---

[9] Dicke's plea for the return of her passport is, like her other requests, more appropriately addressed by the state court.

MEMORANDUM DECISION AND ORDER - 12